IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE CARLTON DAVIS, III, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-03806-RWS |
| JIM HOLLEY DANIELS, JR., | : |
| | : |
| Defendant. | : |
| | : |
| | : |
| | : |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Reconsideration with Respect to the Damages Portion of Order Entered on August 28, 2015 and Memorandum in Support Thereof ("Plaintiff's Motion for Partial Reconsideration") [59] and Defendant Jim Holley Daniels, Jr.'s Motion for Reconsideration and Brief in Support Thereof ("Defendant's Motion for Reconsideration") [60]. After a review of the Record, the Court enters the following Order.

## Background[1]

On August 28, 2015, the Court entered an Order [57] denying Defendant's Motion for Summary Judgment [40] and granting in part and denying in part Plaintiff's Motion for Summary Judgment [37].  In that Order, the Court held that Plaintiff was entitled to summary judgment on the issue of Defendant's liability under the five Notes.  The Court further held that Plaintiff was entitled to recover on the principal of the Notes, along with interest and attorneys' fees.  The Court reserved ruling, however, on the amount of damages due to Plaintiff.

Given the long-standing personal relationship between the parties and the extraordinary amount of time that has lapsed between Plaintiff's demand on the Notes and this suit–and the extraordinary amount of interest that has accrued as a result–the Court ordered the parties to mediate in an attempt to come to a resolution on the amount of damages.  The parties were unable to do so, and on September 25, 2015, Plaintiff filed his Motion for Partial Reconsideration, asking the Court to make a finding as to liquidated damages.

---

[1] The facts of this case are fully set forth in the Court's August 28, 2015 Order [57] and the Court does not recite them here.

On the same day, Defendant, represented by new counsel, filed his Motion for Reconsideration asking the Court to find that Note 5 consolidated and superseded all previous debts on Notes 1 through 4.

## Discussion

### I.    Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259 (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v.

3

Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

**II.     Defendant's Motion for Reconsideration [60]**

In his Motion for Reconsideration, Defendant advances an argument, abandoned by his prior counsel at the summary judgment stage, that Note 5 was a consolidation note.  This is not a proper basis for reconsideration.

Defendant offers no new evidence in support of this argument.  Rather, Defendant repackages arguments "raised ... previously on page 9 of Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment." (Def.'s Mot. for Reconsid., Dkt. [60] at 8.)  Defendant offers no new evidence in support of this argument.  The little evidence Defendant does offer has been in his possession throughout this litigation.  But importantly, as Defendant himself concedes, "neither party clearly asked whether, or unequivocally disclosed that, Promissory Note #5 consolidated and replaced all prior debts." (Id.)  Even at this reconsideration stage, where the burden on the moving party

4

is even higher than at summary judgment, Defendant does not offer specific evidence from the record in support of his contention that Note 5 represented a consolidation or replacement of all prior debts. Accordingly, the Court cannot conclude that it clearly erred in its prior determination. Because Defendant has also not offered any new evidence in support of his motion, reconsideration is not proper under the Local Rules of this Court and the factors outlined in Bryan. As such, Defendant's Motion for Reconsideration must be **DENIED**.

### III.  Plaintiff's Motion for Partial Reconsideration [59]

Plaintiff alleges that the Court clearly erred in its prior Order when it found that the exact amount of liquidated damages could not be calculated based on the evidence presented by Plaintiff in support of his Motion for Summary Judgment. Because the Notes do indeed include provisions for simple interest, the Court finds that Plaintiff's argument provides a proper basis for reconsideration. Accordingly, Plaintiff's Motion for Reconsideration is **GRANTED**.

Plaintiff calculated the liquidated damages by adding (i) the principal

AO 72A
(Rev.8/82)

amounts due on the Notes[2] ($466,000.00) to (ii) the interest due on each of the Notes[3] ($1,149,734.85) less (iii) the payments made by Defendant ($38,000, credited to the outstanding interest) plus (iv) late fees[4] ($158,151.39) and (v) attorneys' fees[5] ($260,382.94). (Pl.'s Corrective Declaration, Dkt. [45-1] ¶¶ 42-43.)

According to Plaintiff's calculation of liquidated damages, the amount Defendant owed on the five Notes as of January 30, 2015 was $1,996,269.18, with daily interest accruing at a rate of $215.58 per day, late fees accruing at a rate of $21.20 per day, and attorneys' fees accruing at a rate of $35.52 per day (15% of daily interest and late fees). (Pl.'s Mot. for Partial Recons., Dkt. [59] at 9; Pl.'s Corrective Declaration, Dkt. [45-1] ¶ 45.) The Court adopts these

---

[2] The principal amounts due on the Notes were: $30,000.00 (Note 1); $120,000.00 (Note 2); $25,000.00 (Note 3); $10,000.00 (Note 4); and $281,000.00 (Note 5).

[3] The annual interest rates set out in the Notes were: 10% (Note 1); 10% non-default and 18% default (Note 2) using the 360 day year method; 10% per annum using a 365 day year (Note 3); 10% (Note 4); and 10% non-default and 18% default per annum using the 360 day year method (Note 5).

[4] The Notes provided for late fees of 8% of the amount due on Notes 1, 3, and 4 and 10% of the amount due on Notes 2 and 5.

[5] All five Notes provided for attorneys' fees of 15% of the amount due.

calculations and awards damages calculated through and including November 20, 2015, the date of entry of this Order.  Accordingly, Plaintiff is entitled to damages in the amount of $1,996,269.18 (per Plaintiff's calculations through January 30, 2015) plus $80,056.20 (calculated at a rate of $272.30 per day, for 294 days from January 31, 2015 through and including November 20, 2015), for a total of $2,076,325.38.

## Conclusion

In accordance with the foregoing, Plaintiff's Motion for Reconsideration with Respect to the Damages Portion of Order Entered on August 28, 2015 and Memorandum in Support Thereof [59] is **GRANTED** and Defendant Jim Holley Daniels, Jr.'s Motion for Reconsideration and Brief in Support Thereof [60] is **DENIED**.

The Court **GRANTS** judgment in the amount of $2,076,325.38 in favor of Plaintiff George Carlton Davis, III.  The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this 20th day of November, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)